## Commonwealth v. Rebert

*Legal Services, Inc.,* for plaintiff.

*Jesse L. Crabbs* and *Alan M. Cashman,* for defendants.

MacPHAIL, P. J., August 2, 1974.—In this action, plaintiff has sued defendants in trespass for actual and punitive damages allegedly sustained by plaintiff as the result of a constable's sale of personal property allegedly owned by plaintiff. All defendants have filed preliminary objections to the complaint in the nature of a demurrer and a motion to strike. Those preliminary objections are now before us for disposition.

Accepting as true, for the purpose of this disposition, all of the well-pleaded facts of the complaint, we have the following statement of facts to consider: Plaintiff was sued by Schuchart before a district justice of the peace for a bill alleged to be due and owing; District Justice of the Peace Eugene Long entered judgment for Schuchart in the sum of $31.29; Schuchart requested the district justice of the peace to issue an order of execution on the judgment; on March 30, 1973, the district justice of the peace issued an order of execution to the constable, Rebert (or to one Floyd J. King); on July 9, 1973, Rebert levied upon plaintiff's property by leaving a copy of a notice of levy with relatives of plaintiff's housekeeper at plaintiff's residence; at a time not specified in the complaint, Rebert sold plaintiff's oil heater, refrigerator and chairs to agents of Schuchart who, with plaintiff, were the only people present at the sale for the sum of $50; the value of the property sold was approximately $600; the personal property was removed from plaintiff's premises immediately; and

at the time of the sale, Rebert had on file his official bond upon which Hartford was surety.

## THE OBJECTIONS OF B. C. SCHUCHART, INC.

There is no basis for the motion to strike and it will be refused.

The demurrer states that plaintiff has failed to set forth any facts that would make Schuchart liable to plaintiff. Certainly, with respect to the actions of Schuchart in obtaining the order of execution, attending the sale, buying the goods and removing the goods, there is no wrongdoing for which Schuchart is liable on the basis of those acts alone. However, plaintiff alleges that there was a conspiracy between Schuchart and Rebert to violate plaintiff's rights, including his right to due process of law. Again, with respect to any violation of plaintiff's due process rights, there is nothing in the complaint which imposes liability upon Schuchart unless there was a conspiracy between Rebert and Schuchart to violate those rights. Schuchart contends that the allegation of conspiracy is a conclusion and that the allegation of interference with plaintiff's due process rights likewise is a conclusion. We note, however, that the existence of a conspiracy *must* be a conclusion to be drawn from the facts averred in the complaint: Daub v. L. B. Smith, Inc., 8 Cumb. 153 (1958). Plaintiff insists it has pleaded sufficient facts to draw the conclusion, to wit, that the goods were sold at substantially less than their actual value at a sale attended only by plaintiff and Schuchart's agents and that the goods were immediately removed. Those facts alone will not justify the conclusion of a conspiracy. They do give rise, however, to a *presumption* of fraud and collusion: Ricketts & Stewart v. Unangst, 15 Pa. 90 (1850); McMichael v. McDermott, 17 Pa. 353 (1851),

and 15 P. L. E. 317, §117. But the essential element of a conspiracy is the *agreement* to do an unlawful act or to do a lawful act in an unlawful manner: Ballatine v. Cummings, 220 Pa. 621 (1908). Plaintiff would have us supply the element of agreement from the presumption of fraud and collusion which he says arises from the facts pleaded. We do not think that it is possible to supply an essential element of a conspiracy from a presumption of fact. Plaintiff in this action seeks punitive damages by reason of the alleged conspiracy. To justify such a serious remedy, we feel that plaintiff must allege the necessary *facts* to substantiate that a conspiracy exists.

We will sustain the demurrer but permit plaintiff to plead over.

## THE OBJECTIONS OF EARL L. REBERT AND HARTFORD ACCIDENT AND INDEMNITY COMPANY

In their motion to strike, Rebert and Hartford note that plaintiff alleges the execution of a bond by both defendants but has failed to attach a copy thereof to the complaint. Obviously, Hartford cannot be held liable unless such a bond exists. Pennsylvania Rule of Civil Procedure 1019(h) requires that the writing be attached if the suit is based upon a writing. Plaintiff, however, contends that the bond is an official document and a copy thereof need not be annexed by virtue of the provisions of Pa. R. C. P. 1019(d). While some older cases did require that a constable's bond be annexed to a pleading where suit is brought thereon (see Norristown School District v. Slingluff, 2 Montg. 86 (1886) and Commonwealth v. Graeff, 22 Lanc. 206 (1905)), we think that this is no longer necessary under Rule 1019(d), especially where the suit is brought in the county where the official docu-

ment is lodged. We do think that correct pleading requires plaintiff to make a proper reference to the bond by averring where it is filed and that it was issued in compliance with the law. However, the defect is so slight that we will not require plaintiff to plead over for this reason alone.

We now turn to the demurrer of Rebert and Hartford. It will be observed initially that the complaint alleges that the order of execution was served more than 60 days after it was issued. This is in clear violation of the provisions of Rule 405 of the rules and standards applicable to district justices of the peace. While there are no cases available to us construing Rule 405, we hold the provisions thereof to be absolutely mandatory. We also hold to be without merit Rebert's argument that, notwithstanding the allegations in the complaint itself, the order of execution attached to the complaint as an exhibit indicates that it was *received* by Rebert on July 2, 1973. That argument overlooks the fact that the exhibit discloses that the order *was issued* on March 30, 1973, either to Floyd J. King or to Earl Rebert. It is not the date that the order was received that controls. Rule 405 is specific. The order must be served within 60 days of the *issuance* of the order.

Under the law prior to the adoption of the rules pertaining to the district justices of the peace, a constable's sale made after the return day of the writ rendered the sale invalid and the constable a trespasser: Sheerer's Assignees v. Lautzerheizer, 6 Watts 543 (1837), and 15 P. L. E. 252, §61. As pointed out in the note to Rule 405, all that the execution creditor needs to do, if service of the order is not, or cannot be, made within 60 days, is to request that another order be entered on the same judgment. Here, according to the allegations in the complaint, that

was not done and, therefore, the sale was ineffective and the constable was a trespasser. As is true with all public officers, a constable is liable in damages to persons injured thereby for misfeasance and/or nonfeasance in office.

Since the constable's bond is filed to insure against the constable's liability, a cause of action has been stated against Hartford.

That part of our opinion dealing with count 2 of the complaint against Schuchart on the ground of conspiracy, supra, is likewise applicable to defendant, Rebert.

### ORDER OF COURT

And now, August 2, 1974, the demurrer of defendant, B. C. Schuchart, Inc., is sustained. Plaintiff shall have 20 days from the date of notice hereof to file an amended complaint. The motion to strike is refused. The demurrer and motion to strike of defendants, Earl L. Rebert and Hartford Accident & Indemnity Company, are overruled.